MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
EMILIO JUAREZ CALIXTO, *individually and*
*on behalf of others similarly situated,*

                                *Plaintiff,*

               -against-

GOMEZ ENTERPRISES USA CORP.
(d/b/a CAFE 37),

                            *Defendant.*
------------------------------------------------------X

        **COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

        **ECF Case**

      Plaintiff Emilio Juarez Calixto ("Plaintiff Juarez" or "Mr. Juarez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against Gomez Enterprises USA Corp. ("Defendant Corporation" or "Defendant"), as follows:

### NATURE OF ACTION

      1.    Plaintiff Juarez is a current employee of Defendant Gomez Enterprises USA Corp. (d/b/a Cafe 37).

      2.    Cafe 37 is a restaurant located at 47 West 37th Street, New York, New York 10018.

      3.    Plaintiff Juarez has been employed as a dishwasher, food preparer, and ostensibly as a delivery worker.

4.      However, when ostensibly working as a delivery worker, Plaintiff Juarez has been required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to washing dishes, preparing food, sweeping and mopping, cleaning the kitchen and the food bar and  taking out the garbage (hereinafter, "non-delivery, non-tip duties").

5.      At all times relevant to this Complaint, Plaintiff Juarez has worked for Defendant in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he has worked.

6.      Rather, Defendant has failed to maintain accurate recordkeeping of his hours worked, have failed to pay Plaintiff Juarez the applicable minimum wage, and have failed to pay him appropriately for any hours he has worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendant has failed to pay Plaintiff Juarez the required "spread of hours" pay for any day in which he has had to work over 10 hours a day.

8.      Defendant has employed and accounted for Plaintiff Juarez as a delivery worker, but in actuality his duties have included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

9.      At all times, regardless of duties, Defendant has paid Plaintiff Juarez and all other delivery workers at a rate that is lower than the required tip-credited rate.

10.      However, under both the FLSA and NYLL, Defendant is not entitled to take a tip credit because Plaintiff Juarez's non-tipped duties exceed 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146).

11.    Upon information and belief, Defendant has employed the policy and practice of disguising Plaintiff Juarez's actual duties in payroll records to avoid paying Plaintiff Juarez at the minimum wage rate, and to enable them to pay Plaintiff Juarez at the lower tip-credited rate (which Defendant still has failed to do), by designating him as a delivery worker instead of a non-tipped employee.

12.    Defendant's conduct has extended beyond Plaintiff Juarez to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendant has maintained a policy and practice of requiring Plaintiff Juarez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.    Plaintiff Juarez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiff Juarez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and present employees of Defendant pursuant to 29 U.S.C. § 216(b).

**<u>JURISDICTION AND VENUE</u>**

3

16.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Juarez's state law claims is conferred by 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates its business in this district, and Plaintiff Juarez has been employed by Defendant in this district.

## PARTIES

*Plaintiff Emilio Juarez Calixto*

18.    Plaintiff Juarez ("Plaintiff Juarez" or "Mr. Juarez") is an adult individual residing in New York County, New York.

19.    Plaintiff Juarez has been employed by Defendant from approximately June 2012 until the present date.

20.    Plaintiff Juarez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendant*

21.    At all times relevant to this complaint, Defendant has owned, operated, and/or controlled a restaurant located at 47 West 37th Street, New York, New York 10018, under the name "Cafe 37."

22.    Upon information and belief, Gomez Enterprises USA Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

4

Upon information and belief, it maintains its principal place of business at 47 West 37th Street, New York, New York 10018.

## FACTUAL ALLEGATIONS

23.    Defendant has operated a restaurant located in the midtown section of Manhattan.

24.    Defendant has possessed substantial control over Plaintiff Juarez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Juarez, and all similarly situated individuals, referred to herein.

25.    Defendant has employed Plaintiff Juarez, and all similarly situated individuals, and is Plaintiff Juarez's (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    At all relevant times, Defendant has been Plaintiff Juarez's employer within the meaning of the FLSA and NYLL.

27.    Defendant has had the power to hire and fire Plaintiff Juarez, has controlled the terms and conditions of his employment, and has determined the rate and method of any compensation in exchange for Plaintiff Juarez's services.

28.    In each year from 2012 to the present date, Defendant has had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.    In addition, upon information and belief, Defendant has been directly engaged in interstate commerce. For example, numerous items that are used in the restaurant on a daily basis, such as wines and spirits, are produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Juarez is a present employee of Defendant, employed in performing the duties of dishwasher, food preparer and ostensibly as a delivery worker.

31.     Plaintiff Juarez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Emilio Juarez Calixto*

44.     Plaintiff Juarez has been employed by Defendant from approximately June 2012 until the present date.

45.     Defendant has employed Plaintiff Juarez as a dishwasher, food preparer and ostensibly as a delivery worker.

46.     However, when employed as a delivery worker, Plaintiff Juarez also has been required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.     Although Plaintiff Juarez ostensibly has been employed as a delivery worker, he spends over 20% of each day performing non-delivery work throughout his employment with Defendant.

48.     Plaintiff Juarez regularly has handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

49.      Plaintiff Juarez's work duties have required neither discretion nor independent judgment.

50.     Throughout his employment with Defendant, Plaintiff Juarez regularly has worked in excess of 40 hours per week.

51.    From approximately June 2012 until on or about June 2013, Plaintiff Juarez worked from approximately 6:00 a.m. until on or about 6:00 p.m. three days a week and from approximately 6:00 a.m. until on or about 6:20 p.m. three days a week (typically 73 hours per week).

52.    From approximately June 2013 until the present date, Plaintiff Juarez has worked from approximately 5:30 a.m. until on or about 6:00 p.m. three days a week and from approximately 5:30 a.m. until on or about 6:20 p.m. three days a week (typically 76 hours per week).

53.    Throughout his employment with Defendant, Plaintiff Juarez has been paid his wages in cash.

54.    From approximately June 2012 until on or about June 2013, Defendant paid Plaintiff Juarez a fixed salary of $350 per week.

55.    From approximately July 2013 until the present date, Defendant has paid Plaintiff Juarez a fixed salary of $400 per week.

56.    Plaintiff Juarez's wages do not vary regardless of how many additional hours he works in a week.

57.    For example, Defendant has required Plaintiff Juarez to work an additional 20 minutes past his scheduled departure time three days a week, without paying him any additional compensation for the additional time they have required him to work.

58.    Defendant never has granted Plaintiff Juarez any break or meal periods of any length.

59.    Plaintiff Juarez has never been notified by Defendant that his tips are being included as an offset for wages.

60.     Defendant has not accounted for these tips in any daily, weekly or other accounting of Plaintiff Juarez's wages.

61.     Defendant never has provided Plaintiff Juarez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

62.     Throughout his employment, Plaintiff Juarez has not been required to keep track of his time, nor to his knowledge has Defendant utilized any time tracking device, such as a time clock or punch cards, that accurately reflects his actual hours worked.

63.     Defendant never has provided Plaintiff Juarez with a written notice, in English and in Spanish (Plaintiff Juarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Juarez regarding overtime and wages under the FLSA and NYLL.

65.     Defendant has required Plaintiff Juarez to purchase "tools of the trade" with his own funds—including four shirts every six months, 2 pairs of pants and kitchen shoes.

*Defendant's General Employment Practices*

66.     Defendant regularly has required Plaintiff Juarez to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hours compensation.

67.     At all times relevant to this Complaint, Defendant has maintained a policy and practice of requiring Plaintiff Juarez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

8

68.     At no time has Defendant informed its employees, including Plaintiff Juarez, that they have reduced their hourly wages by a tip allowance.

69.     Defendant habitually has required its employees, including Plaintiff Juarez, to work additional hours beyond their regular shifts, but has not provided them with any additional compensation.

70.     Defendant has required Plaintiff Juarez, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

71.     Plaintiff Juarez and all other similarly situated employees, have been employed ostensibly as tipped employees by Defendant, although their actual duties have included greater or equal time spent performing non-tipped duties.

72.     Plaintiff Juarez and all other delivery workers have not even been paid at the required lower tip-credit rate by Defendant; however, under state law Defendant is not entitled to a tip credit because Plaintiff Juarez's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

73.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendant has classified Plaintiff Juarez and other delivery workers as tipped employees but has not even paid them at the tip-credited rate, when Defendant should have classified them as non-tipped employees and have paid them at the minimum wage rate.

75.     Defendant's pay practices have resulted in Plaintiff Juarez not receiving payment for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum and overtime wage rate.

76.     Plaintiff Juarez has been paid his wages entirely in cash.

77.     Defendant willfully has disregarded and purposefully has evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78.     By employing these practices, Defendant has avoided paying Plaintiff Juarez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

79.     Defendant has failed to post required wage and hour posters in the restaurant, and have not provided Plaintiff Juarez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendant's violations of the wage and hour laws, and to take advantage of Plaintiff Juarez's relative lack of sophistication in wage and hour laws.

80.     Upon information and belief, these practices by Defendant has been done willfully to disguise the actual number of hours Plaintiff Juarez (and similarly situated individuals) worked, and to avoid paying Plaintiff Juarez properly for (1) his full hours worked; (2) for minimum wage; (3) for spread of hours pay and  (4) for overtime due.

81.     Defendant has failed to provide Plaintiff Juarez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether have paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

82.    Defendant has failed to provide Plaintiff Juarez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether have paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

83.    Plaintiff Juarez brings his FLSA claims for minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendant, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendant (the "FLSA Class").

84.    At all relevant times, Plaintiff Juarez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

85.     The claims of Plaintiff Juarez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

86.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendant has been Plaintiff Juarez's employer (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant has had the power to hire and fire Plaintiff Juarez (and the FLSA class members), has controlled the terms and conditions of employment, and has determined the rate and method of any compensation in exchange for their employment.

88.     At all times relevant to this action, Defendant has been engaged in commerce or in an industry or activity affecting commerce.

89.     Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.     Defendant has failed to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91.    Defendant's failure to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

92.    Plaintiff Juarez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

93.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendant has been Plaintiff Juarez's employer (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant has had the power to hire and fire Plaintiff Juarez (and the FLSA class members), has controlled the terms and conditions of employment, and has determined the rate and method of any compensation in exchange for his employment.

95.    At all times relevant to this action, Defendant has been engaged in commerce or in an industry or activity affecting commerce.

96.    Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.    Defendant, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, has failed to pay Plaintiff Juarez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

98.    Defendant's failure to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Juarez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

100.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendant has been Plaintiff Juarez's employer within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendant has had the power to hire and fire Plaintiff Juarez (and the FLSA Class members), has controlled terms and conditions of employment, and has determined the rates and methods of any compensation in exchange for employment.

102.     Defendant, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, has paid Plaintiff Juarez (and the FLSA Class members) less than the minimum wage.

103.     Defendant's failure to pay Plaintiff Juarez (and the FLSA Class members) minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

104.     Plaintiff Juarez (and the FLSA Class Members) has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE

### LABOR LAW'S OVERTIME PROVISIONS

14

105.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendant, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, has failed to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

107.    Defendant has failed to pay Plaintiff Juarez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

108.    Defendant's failure to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiff Juarez (and the FLSA Class Members) has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

110.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendant has failed to pay Plaintiff Juarez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Juarez's spread of hours exceed ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

112.    Defendant's failure to pay Plaintiff Juarez an additional hour's pay for each day Plaintiff Juarez's spread of hours exceed ten hours is willful within the meaning of New York Lab. Law § 663.

113.    Plaintiff Juarez has been damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

114.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendant has failed to provide Plaintiff Juarez with a written notice, in English and in Spanish (Plaintiff Juarez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116.    Defendant is liable to Plaintiff Juarez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

117.    Plaintiff Juarez repeats and realleges all paragraphs above as though set forth fully herein.

118.    Defendant has not provided Plaintiff Juarez with a statement of wages with each payment of wages, as required by NYLL 195(3).

119.    Defendant is liable to Plaintiff Juarez in the amount of $5,000, together with costs

and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## (RECOVERY OF EQUIPMENT COSTS)

120.    Plaintiff Juarez repeats and realleges all paragraphs above as though set forth fully herein.

121.    Defendant has required Plaintiff Juarez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as shirts and kitchen shoes, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Juarez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juarez respectfully requests that this Court enter judgment against Defendant by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendant has violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA class members;

(c)    Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA class members;

(d)        Declaring that Defendant has violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Juarez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)        Declaring that Defendant's violations of the provisions of the FLSA are willful as to Plaintiff Juarez and the FLSA class members;

(f)        Awarding Plaintiff Juarez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)        Awarding Plaintiff Juarez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)        Declaring that Defendant has violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez and the members of the FLSA Class;

(i)        Declaring that Defendant has violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez  and the members of the FLSA Class;

(j)        Declaring that Defendant has violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Juarez  and the members of the FLSA Class;

(k)        Declaring that Defendant has violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Juarez's, and the FLSA Class

members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendant has violated the recordkeeping requirements of the NYLL with respect to Plaintiff Juarez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)    Declaring that Defendant's violations of the New York Labor Law are willful as to Plaintiff Juarez and the FLSA Class members;

(n)    Awarding Plaintiff Juarez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)    Awarding Plaintiff Juarez  damages for Defendant's violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Juarez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)    Awarding Plaintiff Juarez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Juarez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Juarez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
      December 7, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                            /s/ Michael Faillace

By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

January 31, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Emilio Juarez Calixto

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          31 de enero de 2017