UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIO JUAREZ CALIXTO, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

GOMEZ ENTERPRISES USA CORP. (d/b/a CAFE 37),

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/11/2019_

17 Civ. 9617 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

      On December 7, 2017, Plaintiff, a former restaurant worker, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Compl., ECF No. 1. On October 26, 2018, the parties notified the Court that they reached a settlement, *see* ECF No. 49-1, and moved for approval of their settlement agreement. Letter, ECF No. 49. On October 30, 2018, the Court denied the motion without prejudice on the grounds that the release of claims by Plaintiff "waive[d] practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" and did not release Plaintiff from any potential claims by Defendant. ECF No. 50. On November 19, 2018, the parties submitted a revised settlement agreement that still did not contain a mutual release of claims, ECF No. 51, which the Court denied without prejudice on November 26, 2018, ECF No. 52. On December 10, 2018, the parties submitted another revised settlement agreement and renewed their motion for approval. Settlement, ECF No. 53-1. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

   I.   <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See*

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.   Analysis

The Settlement provides for Defendant to pay a total of $45,000, with Plaintiff to receive $30,000, and Plaintiff's counsel to receive $15,000 for attorneys' fees and costs.  Settlement ¶ 1; Letter at 2.  Plaintiff's letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $127,165.50.  Letter at 2.  However, the parties explain that Defendant "is in an extremely difficult financial situation."  *Id.*  In addition, Defendant contends that Plaintiff was not eligible to receive the minimum wage and disputes the number of hours Plaintiff worked, and the parties explain that in reaching the Settlement they were motivated to avoid the risks each side would face at trial.  *Id.*  Moreover, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 3.  The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is mutual and no longer overly broad, because it releases Defendant from any claims Plaintiff "has, had, claims or claimed to have against Defendant[] relating specifically to the claims in the [l]itigation that have occurred as of

the [e]ffective [d]ate of this [a]greement," and releases Plaintiff from similar claims by Defendant. Settlement ¶ 6. Moreover, the Settlement contains no confidentiality provision, nor does it contain a provision that restricts Plaintiff's future employment opportunities. The Court, therefore, is satisfied that the Settlement is fair and reasonable.

Turning to attorneys' fees, Plaintiff's counsel seeks to recover $15,000 in attorneys' fees and costs, reflecting one-third of the total value of the Settlement. Letter at 3. The Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiffs' counsel's lodestar calculation is $9,827.33 in attorneys' fees and costs for work done by Michael Faillace & Associates, P.C. Billing Records, ECF No. 49-2. The billing records reflect time spent drafting the complaint, engaging in mediation, drafting motions, and preparing for trial. *See id.* Michael Faillace, lead counsel on the matter, billed 7.75 hours at a rate of $450 per hour. *Id.* at 1–3. Additional hours are billed by associate Sara Isaacson (15.7 hours at $350 per hour) and by a paralegal (1.25 hours at $100 per hour). *Id.* Mr. Faillace has extensive experience in wage-and-hour actions, and Ms. Isaacson has worked at firms specializing in wage-and-hour litigation since her graduation from law school in 2015. Letter at 3–4. Although the Court observes that these rates are on the higher side,[1] a reduction is not necessary in light of counsel's effective representation of Plaintiff here. *See id.* at 3 (explaining that settlement was reached after extensive negotiations and without having to face the risks of a trial). Given that fact, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 11, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] *E.g.*, *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience."); *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("Indeed, courts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)).